IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| RACHEL CARLOTTA : | |
| : | CASE NO. 1:24-cv-73 |
| Plaintiff, : | |
| v. : | **COMPLAINT** |
| HIGHER EDUCATION LOAN : | **WITH JURY DEMAND** |
| AUTHORITY OF THE STATE OF : | |
| MISSOURI : | |
| and : | |
| UNITED STATES DEPARTMENT OF : | |
| EDUCATION : | |
| and : | |
| ALEXUS SPONSELLER | |
| and | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | |
| and | |
| TRANS UNION, LLC | |
| and | |
| EQUIFAX INFORMATION SERVICES LLC. | |
| Defendants. | |

1

Now comes Plaintiff Rachel Carlotta ("Plaintiff") by and through her attorneys for her Complaint against Defendants Higher Education Loan Authority of The State Of Missouri Inc. ("MOHELA"), United States Department of Education ("ESDE"), Alexus Sponseller ("Sponseller"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax") (collectively, "Defendants") and states as follows:

**I.          PARTIES**

1. Plaintiff resides and regularly conducts business in in this district. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681*a*(c).

2. Defendant MOHELA is the servicer of Federal Direct Loans for the USDE and headquartered in Chesterfield, Missouri. MOHELA is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 and regularly conducts business throughout the United States, including in this district.

3. Defendant USDE is the federal agency that oversees and administers federal education programs and policies. USDE is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 and regularly conducts business throughout the United States, including in this district.

4. Sponseller is an Ohio resident and the biological daughter of Plaintiff.

5. Defendant Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined in 15 U.S.C. § 1681*a*(p). As one of the nation's three major credit bureaus, Experian maintains billions of pieces of information about United States consumers and issues millions of consumer reports every month. Experian is regulated comprehensively as a "consumer reporting agency" under 15

U.S.C. § 1681*a*(f). Experian regularly conducts business throughout the United States, including in this district.

6. Defendant Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined in 15 U.S.C. § 1681*a*(p). As one of the nation's three major credit bureaus, Trans Union maintains billions of pieces of information about United States consumers and issues millions of consumer reports every month. Trans Union is regulated comprehensively as a "consumer reporting agency" under 15 U.S.C. § 1681*a*(f). Trans Union regularly conducts business throughout the United States, including in this district.

7. Defendant Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined in 15 U.S.C. § 1681*a*(p). As one of the nation's three major credit bureaus, Equifax maintains billions of pieces of information about United States consumers and issues millions of consumer reports every month. Equifax is regulated comprehensively as a "consumer reporting agency" under 15 U.S.C. § 1681*a*(f). Equifax regularly conducts business throughout the United States, including in this district.

II. **VENUE AND JURISDICTION**

8. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and (ii) this is the District in which Plaintiff resides.

9. Defendants engaged in business in this District and engaged in tortious acts or omissions within this District and has otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

10. Jurisdiction in this case is proper under 15 U.S.C. § 1681*p* which grants the District Court jurisdiction to hear this action without regard to the amount in controversy. Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 because her state law claims are so related to claims in the action within such original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

### III.  FACTUAL BACKGROUND

11. This lawsuit arises out of the identity theft and fraud perpetrated by Sponseller against Plaintiff, and the errors contained in Plaintiff's credit report that were being erroneously reported by Defendants. Notwithstanding Plaintiff's efforts over the course of the past year to have the incorrect information removed from her credit reports, Defendants failed to take any appropriate action to correct, delete, or block these errors from her credit reports in blatant violation of the FCRA.

12. As background, in 2018 through 2020, Sponseller was a student at Bluffton University when she engaged in fraud by using Plaintiff's identity to apply for and obtain federal student loans from USDE in Plaintiff's name. The loan applications were filled out by Sponseller without Plaintiff's knowledge or approval and Sponseller forged Plaintiff's name and signature on each application. In all, Sponseller applied for and obtained four separate federal student loans totaling $22,761.00 before interest or fees.

13. Plaintiff first received notice of the fraud in the summer of 2022, when MOHELA/USDE began reporting the fraudulently obtained loans on Plaintiff's credit reports. As soon as she first detected fraud, Plaintiff contacted Sponseller who admitted her fraudulent conduct to Plaintiff.

14. Plaintiff also took significant steps to inform MOHELA/USDE of the fraudulent loans, submitted declarations of fraud and loan discharge applications with MOHELA/USDE for the loans obtained by Sponseller, and filed a police report with the City of Hamilton Police Department to report the identity theft and fraud. Plaintiff also submitted Consumer Dispute Verifications ("CDVs") directly to Experian, Trans Union, and Equifax to correct, delete, or block the incorrect MOHELA/USDE information from her credit reports. As part of her submitted CDVs, Plaintiff provided Experian, Trans Union, and Equifax with records and evidence showing the negative items were the result of fraud and should be removed from her credit reports.

15. To date, Defendants have taken no action to remove the fraudulent loans from her credit reports. MOHELA/USDE continues to report false information to the credit bureaus regarding these fraudulent loans and the credit bureaus continue to report the false information on her credit reports. Experian, Trans Union, and Equifax also have refused to remove or correct the information being reported by MOHELA/USDE, despite the CDVs and evidence provided to them by Plaintiff.

16. Sponseller's fraud and the FCRA violations of MOHELA/USDE and the credit bureaus have caused significant damages to Plaintiff. Within the past two years alone, Plaintiff has been (a) denied access lower interest rates, and (b) denied access to credit. The FCRA violations also have caused extreme harm to Plaintiff as she has actively tried to correct these errors. In light of what has transpired, Plaintiff also has justifiably avoided applying for credit until the inaccurate information is ultimately corrected on her credit reports. In addition, Plaintiff expended significant time and resources dealing with these issues, and suffered

significant humiliation, mental distress, and embarrassment as a direct result of the fraud and violations of the FCRA.

17. Plaintiff seeks to recover actual damages, statutory damages, punitive damages, and her attorney's fees and costs associated with this action based on Defendants' unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(Violations of 15 U.S.C. § 1681*e*(b))**
**(Experian, Trans Union and Equifax)**

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 of the Complaint as if fully set forth.

19. A "consumer reporting agency" is defined by the FCRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681*a*(f). Trans Union, Experian, and Equifax are a "consumer reporting agency" as defined by the FCRA.

20. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681*e*(b).

21. On numerous occasions, Trans Union, Experian, and Equifax prepared false consumer reports concerning Plaintiff. Despite actual and implied knowledge that the

information being reported about Plaintiff was false, Trans Union, Experian, and Equifax readily sold such false reports to one or more third party, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

22. On each such instance, Trans Union, Experian, and Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of § 1681*e*(b).

23. Plaintiff has suffered out-of-pocket loss as a result of Trans Union, Experian, and Equifax's willful and/or negligent violations of the FCRA. Plaintiff also has not been free to take advantage of various credit opportunities available to other consumers because of Trans Union, Experian, and Equifax's failure to report only accurate information about her.

24. As a direct and proximate result of Trans Union, Experian, and Equifax's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

25. Upon information and belief, Trans Union, Experian, and Equifax have exhibited a pattern of refusing to follow reasonable procedures as mandated by the FCRA, ultimately valuing their own bottom line above their "grave responsibility" to report accurate data on consumers. Trans Union, Experian, and Equifax's pattern of refusal to follow

reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681$n$(a)(2).

26. As a direct and proximate result of Trans Union, Experian, and Equifax's conduct, Plaintiff has been damaged in an amount to be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(Violations of 15 U.S.C. § 1681$i$(a)(1))**
**(Experian, Trans Union and Equifax)**

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 of the Complaint as if fully set forth.

28. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. 15 U.S.C. § 1681$i$(a)(1).

29. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. 15 U.S.C. §§ 1681$i$(a)(1), 1681$i$(a)(5)(A).

30. Plaintiff initiated disputes with Trans Union, Experian, and Equifax requesting that they correct and/or delete a specific item in her credit files that is patently inaccurate, misleading and highly damaging to her, that was being reported.

31. Plaintiff specifically advised Trans Union, Experian, and Equifax that a mistake had been made, provided all necessary documentation and information to Trans Union,

8

Experian, and Equifax to show that the information was incorrect. Either Trans Union, Experian, and Equifax conducted no investigation of Plaintiff's disputes, or such "investigations" were so shoddy as to repeatedly allow the exact same false and highly damaging information to be put in Plaintiff's credit file.

32. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard and failing to permanently delete the negative items from her credit report, Trans Union, Experian, and Equifax willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1) with respect to each dispute lodged by Plaintiff.

33. As a direct and proximate result of Trans Union, Experian, and Equifax's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damages including, but not limited to: economic loss due to denial of mortgage financing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

34. Upon information and belief, Trans Union, Experian, and Equifax have exhibited a pattern of refusing to correct/and or permanently delete consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers. Trans Union, Experian, and Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and/or willful and wanton

misconduct, calling for statutory damages, an assessment of punitive damages against Trans Union, Experian, and Equifax, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681*n*.

35. As a direct and proximate result of Trans Union, Experian, and Equifax's conduct, Plaintiff has been damaged in an amount to be determined by the Court.

**THIRD CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(Violations of 15 U.S.C. § 1681s-2(b))**
**(MOHELA/USDE)**

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 of the Complaint as if fully set forth.

37. Furnishers of credit information such as MOHELA/USDE have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, and to promptly modify, delete or block information found to be inaccurate. 15 U.S.C. § 1681s-2(b).

38. Plaintiff submitted CDVs through the credit bureaus to dispute the accuracy of the information being reported about her by MOHELA/USDE. Upon information and belief, pursuant to 15 U.S.C. § 1681*i*(a)(2), MOHELA/USDE received notification of these disputes from the credit bureaus. Upon information and belief, by the time MOHELA/USDE received the CDVs from the credit bureaus, it had already been contacted on numerous occasions by Plaintiff, who advised about the identity theft, fraud, and false information on her credit reports.

39. Notwithstanding MOHELA/USDE actual knowledge that Plaintiff was the victim of identity theft and fraud, MOHELA/USDE failed to conduct a reasonable investigation of the accuracy of its reporting of this adverse information which shows a

reckless disregard for Plaintiff's rights under the FCRA. As detailed through this Complaint, MOHELA/USDE failed to conduct a reasonable investigation into the accuracy of information related to Plaintiff's account, in violation of § 1681s-2(b).

40. In addition to the violation as described above, MOHELA/USDE failed to satisfy its duty under 15 U.S.C. § 1681s-2(b) of updating incomplete or inaccurate information it had previously reported to the credit bureaus upon receipt of each notice from the credit bureaus that Plaintiff disputed the accuracy of the previously reported information.

41. MOHELA/USDE failure to report that Plaintiff disputed the accuracy of the MOHELA/USDE account was a failure to accurately update the information because it was misleading in such a way and to such an extent that it could be expected to have an adverse effect on Plaintiff.

42. As a direct and proximate result of MOHELA/USDE's willful and/or negligent refusal to comply with its FCRA obligations, Plaintiff has suffered substantial damages including, but not limited to: economic loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681*n* and/or 15 U.S.C. § 1681*o*.

43. MOHELA's complete and utter indifference of its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against MOHELA, pursuant to 15 U.S.C. § 1681*n*(a)(2).

44. As a direct and proximate result of MOHELA's conduct, Plaintiff has been damaged in an amount to be determined by the Court.

### FOURTH CLAIM FOR RELIEF
### FRAUD/INDENTITY THEFT
### (COMMON LAW AND § 2913.49(J))
### (Sponseller)

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Without Plaintiff's knowledge or consent, Sponseller used Plaintiff's identity and signed forged her name to fraudulently obtain loans in Plaintiff's name.

47. Sponseller forged Plaintiff's signature on all financial applications and documents, and then used the loan proceeds for personal use and without Plaintiff's knowledge or approval.

48. Sponseller's actions are in violation of R.C. 2913.49, identity fraud and common law.

49. Pursuant to R.C. 2913(J) and common law, Sponseller is liable for damages resulting from her actions misrepresenting herself as Plaintiff and committing the fraud outlined in this Complaint.

50. Sponseller's actions were taken with malice and in contumacious disregard for Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages.

51. As a direct and proximate result of the misconduct, Plaintiff suffered damages in an amount to be determined by the Court, including actual damages, punitive damages, attorney's fees, and costs.

**FIFTH CLAIM FOR RELIEF**
**FRAUD/CRIMINAL ACT**
**(COMMON LAW AND OHIO REV. CODE § 2307.60)**
**(Sponseller)**

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

53. Sponseller fraudulently took loans out in Plaintiff's name for her own personal use.

54. As a result of Sponseller's fraud, Plaintiff suffered significant damages.

55. Sponseller's actions were taken with malice and in contumacious disregard for Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages, including its reasonable attorneys' fees.

56. As a direct and proximate result of Sponseller's misconduct, Plaintiff suffered damages in an amount to be determined by the Court, including actual damages, punitive damages, attorney's fees, and costs.

**SIXTH CLAIM FOR RELIEF**
**DECLARATORY JUDGEMENT**
**(MOHELA/USDE)**

57. Plaintiff incorporates by reference the allegations of paragraphs 1 through 56 of the Complaint as if fully set forth.

58. A dispute exists between Plaintiff and MOHELA/USDE regarding the legal status and the validity of the various loan agreements fraudulently taken out in Plaintiff's name.

59. This Court should issue a finding and declaration that Plaintiff is not liable for any of the loans with MOHELA/USDE.

WHEREFORE, Plaintiff asks this Court to enter judgment in her favor as follows:

A. Award Plaintiff actual damages under Ohio law and pursuant to 15 U.S.C. § 1681*n* and/or 15 U.S.C. § 1681*o* in an amount to be determined at trial;

B. Award Plaintiff statutory damages as provided for by 15 U.S.C. § 1681*n*(2);

C. Award Plaintiff punitive damages under Ohio law and as provided for by 15 U.S.C. § 1681*n*(2);

D. Award Plaintiff her attorneys' fees, costs and expenses under Ohio law and statutory law;

E. Issue declaratory relief to Plaintiff;

F. Award Plaintiff pre-judgment and post-judgment interest; and

G. Award Plaintiff such other and further relief as this Court deems necessary.

        Respectfully Submitted,

        /s/ *Adam V. Sadlowski*
        Adam V. Sadlowski, Trial Attorney (0079582)
        SADLOWSKI LAW LLC
        11427 Reed Hartman Highway, Suite 210
        Blue Ash, Ohio 45241
        Tel:  (513) 618-6595
        Fax: (513) 618-6442
        asadlowski@sb-lawyers.com

        Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

        /s/ *Adam V. Sadlowski*
        Adam V. Sadlowski