IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| RACHEL CARLOTTA, | : | Case No. 1:24-cv-73 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HIGHER EDUCATION LOAN | : | |
| AUTHORITY OF THE STATE OF | : | |
| MISSOURI, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Alexus Sponseller's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 42). Plaintiff did not file a response to the Motion, and the time to do so has passed. Thus, this matter is ripe for review. For the reasons below, Defendant Sponseller's Motion to Dismiss (Doc. 42) is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Rachel Carlotta is an Ohio resident and the mother of Defendant Alexus Sponseller. (Compl., Doc. 1, ¶¶ 1, 4.) From 2018 to 2020, Sponseller, also an Ohio resident, was a student at Bluffton University. (*Id.* ¶¶ 4, 12.) To pay for her education, Sponseller allegedly engaged in fraud by forging Plaintiff's name and signature to apply for and obtain federal student loans through Defendant United States Department of Education ("USDE"). (*Id.*) Plaintiff had no knowledge of these loan applications. (*Id.*) In total,

Sponseller obtained four federal student loans totaling $22,761.00, plus interest and fees. (*Id.*)

In the summer of 2022, Plaintiff learned about the loans when Defendant Higher Education Loan Authority of the State of Missouri Inc. ("MOHELA"), a federal loan servicer, and USDE began reporting the loans on Plaintiff's credit report. (Compl., Doc. 1, ¶¶ 2, 13.) After this discovery, Plaintiff contacted Sponseller, who admitted her fraudulent conduct. (*Id.* ¶ 13.) Plaintiff then submitted declarations of fraud and loan discharge applications with MOHELA and USDE for Sponseller's loans. (*Id.* ¶ 14.) Plaintiff also filed an identity theft and fraud report with local police. (*Id.*) And, Plaintiff submitted Consumer Dispute Verifications with the three major credit reporting agencies: Defendants Experian, Trans Union, and Equifax. (*Id.* ¶¶ 5-8, 14.) Plaintiff provided the three agencies with records and evidence that the loans were fraudulently obtained and should be removed from her reports. (*Id.* ¶ 14.) Plaintiff alleges that the loans remain on her credit reports from all three agencies. (*Id.* ¶ 15.)

In her Complaint, Plaintiff brought claims under the Fair Credit Reporting Act ("FCRA") against Experian, Trans Union, and Equifax for violations of 15 U.S.C. §§ 1681e(b), 1681i(a)(1), and against MOHELA and USDE for violations of 15 U.S.C. § 1681s-2(b). She also brought claims of fraud and identity theft against Sponseller under common law and Ohio Revised Code §§ 2913.49(J), 2307.60. Finally, Plaintiff sought a declaratory judgment finding that Plaintiff is not liable for any loans with MOHELA and USDE.

On May 21, 2024, Plaintiff voluntarily dismissed her claims against Trans Union.

(Doc. 28.) On June 13, 2024, Plaintiff and USDE stipulated to the dismissal without prejudice of Plaintiff's FCRA claims against USDE. (Doc. 30.) This Court, construing the stipulation as a motion, granted the dismissal. (Doc. 32.) On July 10, 2024, Plaintiff and Experian stipulated to the dismissal with prejudice of all claims against Experian. On March 25, 2025, this Court granted the motions to dismiss of Defendant USDE and MOHELA (*see* Order, Doc. 39), dismissing all remaining claims against them. And then, on April 1, 2025, this Court dismissed the claims against Equifax (*see* Order, Doc. 41) after Plaintiff informed the Court that she had resolved the claims against that party (*see* Motion, Doc. 40). Accordingly, the only claims that remain are the claims for fraud and identity theft under common law and Ohio Revised Code §§ 2913.49(J), 2307.60. (Compl., Doc. 1, ¶¶ 45-56.) Both claims are brought against Defendant Sponseller.

On November 12, 2025, Defendant Sponseller filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 42). In the Motion, Defendant Sponseller points out that all federal claims have been dismissed and only state law claims remain; furthermore, there is no diversity of citizenship between Defendant Sponseller and Plaintiff. (Motion, Doc. 42, Pg. ID 215-16.) Plaintiff did not file a response in opposition to this Motion. The Court will now consider Defendant Sponseller's Motion.

## LAW & ANALYSIS

When a defendant brings a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Mitchell v. BMI Federal Credit Union*, 374 F. Supp.3d 664, 667 (S.D. Ohio 2019). Federal courts have original jurisdiction over civil actions where the parties are from citizens of different U.S. states

and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts also have jurisdiction over cases and controversies arising from the Constitution or the laws of the United States. 28 U.S.C. §§ 1331. Finally, courts have supplemental jurisdiction over any state law claims that arise from the same case or controversy as a federal law claim. 28 U.S.C. § 1367.

As established in this Court's previous Order, Plaintiff cannot bring her claims into federal court under diversity jurisdiction, as both she and Sponseller are Ohio residents. (Order, Doc. 39, Pg. ID 197; *see also* Compl., Doc. 1, ¶¶ 1, 4.) Consequently, Plaintiff's claims must "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff's Complaint asserted federal question jurisdiction, the federal claims have now been dismissed and only state law claims remain. (*See* Compl., Doc. 1; Docs. 32, 34, 39, 41.)  Accordingly, under 28 U.S.C. § 1367(c)(3), this court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. Indeed, Defendant Sponseller asks that this Court decline to exercise supplemental jurisdiction over these claims. (Motion, Doc. 42, Pg. ID 215-16.) As Plaintiff failed to respond and explain why the Court should exercise supplemental jurisdiction here, the Court finds Defendant Sponseller's Motion persuasive. It therefore declines to extend supplemental jurisdiction to the two state law claims that remain.

To the extent that Defendant Sponseller asks this Court to dismiss the case with prejudice, though, the Court disagrees with this proposed outcome. (*See* Motion, Doc. 42, Pg. ID 215.) Dismissals for lack of subject matter jurisdiction are "without prejudice and leave[] the parties free to seek relief in another forum (subject to any rules of preclusion)."

*Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021). Therefore, the Court declines to order a dismissal with prejudice.

## CONCLUSION

For these reasons, the Court **ORDERS** the following:

1. Defendant Sponseller's Motion to Dismiss (Doc. 42) is **GRANTED IN PART**;

2. Plaintiff's claims against Defendant Sponseller are **DISMISSED WITHOUT PREJUDICE**; and

3. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND